UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOSEPH K. GOOCH,                    )
                                    )
          Plaintiff                 )
                                    )
v.                                  )
                                    )
TRUMAN L. JONES, individually       )
and as Sheriff of Rutherford        )
County, Tennessee; CURTIS LITTLE    )    No. 3:07-0919
in his capacity as Rutherford       )    Judge Trauger/Brown
County Sheriff's Deputy and         )    **Jury Demand**
individually; BILL COPE, in his     )
capacity as a Rutherford County     )
Sheriff's Deputy and individually;  )
and BOB ASBURY, in his capacity     )
as a Rutherford County Sheriff's    )
Deputy Chief and individually,      )
                                    )
          Defendants                )

**TO: THE HONORABLE ALETA A. TRAUGER**

## REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge
recommends that this case be dismissed with prejudice for the
Plaintiff's failure to prosecute and his failure to comply with
Court orders.

## BACKGROUND

Plaintiff originally filed in *forma pauperis* a complaint
alleging violation of his civil rights under 42 U.S.C. § 1983
(Docket Entry 1). The Plaintiff, then an inmate of the Rutherford
County Jail, alleged that (1) he lacked an access to a law library;
(2) he did not receive newspapers and the jail only had one radio
which was difficult to hear; (3) that the inmates only got 15 to 25
minutes out of their cells, when in maximum security; (4) that

inmates sometimes served entire felony sections at the jail without being allowed outside sunshine; and (5) some people stayed at the institution for a number of years without being offered programs and rehabilitation.

An answer was filed (Docket Entry 20) and a scheduling order was entered (Docket Entry 21). In this order, the Plaintiff was specifically warned that failure to keep the Court informed of his current address could result in a recommendation that his action be dismissed for failure to prosecute and for failure to comply with the Court's order. Following this there was some difficulty in the Plaintiff keeping a current address on file. In fact, the Defendants filed a motion to dismiss the same day that the Plaintiff submitted a change of address. This resulted in a report and recommendation (Docket Entry 31) by Magistrate Judge Knowles that the motion to dismiss be denied inasmuch as the Plaintiff had, at that time, furnished a new address.

Subsequently, the Defendants filed a new motion on March 24, 2008, requesting that the Plaintiff be compelled to respond to interrogatories and requests for production of documents, and for an award of expenses (Docket Entry 35). As a result of this motion to which no response was filed, the Magistrate Judge ruled that the Plaintiff must respond to the discovery requests on or before April 4, 2008, and the Plaintiff was specifically warned that failure to respond could result in a recommendation that his case be dismissed for failure to obey a Court order and failure to prosecute. He was

2

also again reminded that it was his responsibility to keep a current address on file with the Clerk's office (Docket Entry 37). The Magistrate Judge did not, however, award costs at that time because the Plaintiff was *pro se*. This order was sent by certified mail and the docket sheet reflects that it was signed for by "A. Gooch" on April 2, 2008 (Docket Entry 38).

Nothing further was heard until April 14, 2008, when the Defendants renewed their motion for sanctions and their motion to dismiss for failure to prosecute (Docket Entry 39). This motion is supported by an affidavit from Defendants' counsel certifying that no response or information has been received from the Plaintiff. The docket does not reflect any response to this motion by the Plaintiff.

**LEGAL DISCUSSION**

The dismissal of a case should not be undertaken lightly. The Sixth Circuit has set forth a four-part test to apply when considering an involuntary dismissal of a case. *See Tetro v. Elliott Popham Pontiac*, 173 F.3d 988 (6th Cir. 1999); *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997); *Mulbah v. Detroit Board of Education*, 261 F.3d 586 (6th Cir. 2001); and *Bowels v. City of Cleveland*, 129 Fed.Appx.239 (6th Cir. 2005)(unpublished opinion). The criteria to be considered are as follows: (1) whether the party's failure to cooperate is due to wilfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the parties; (3) whether the

3

dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Tetro* at 992.

Cases should normally be decided on their merits, if at all possible. However, Federal Rule of Civil Procedure 37(b) provides, in pertinent part, that "If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They include the following . . . (v) Dismissing the action or proceeding in whole or in part . . . ." In this case, the Plaintiff has failed to follow the rules of procedure by responding to discovery. In addition to failing to respond to discovery, the Plaintiff has totally failed to obey the Court's order to provide discovery. It further appears that the Plaintiff has taken absolutely no action in this case since it filing it, other than to file one belated change of address notice.

The Defendants are correct in that they are not in a position to pursue their defenses without responses to their discovery requests. This is particularly true in this case where the Plaintiff, in many of his complaints, appears to be attempting to make claims on behalf of other prisoners, rather than his own individual claims. It appears since the Plaintiff has been released he was not required to serve a long sentence as a felon in the county jail, nor was he denied various programs.

4

The Court must be able to control its docket and to have its cases move along on at a scheduled pace. The Plaintiff in this case has simply refused to do that and has blatantly ignored the Federal Rules of Civil Procedure and the Court's specific orders. In addition, the Plaintiff has been specifically warned that failure to act could result in a dismissal of his case.

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that the Defendants' motion (Docket Entry 39), to which no response has been filed, be granted and this case dismissed with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

It is so **ORDERED.**

JOE B. BROWN
United States Magistrate Judge

5